UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Lorenzo Robinson, # 235104, | C/A No. 2:07-1329-SB-RSC |
| Petitioner, | Report and Recommendation |
| vs. | |
| The State of South Carolina, | |
| Respondent. | |

*RECEIVED USDC CLERK, CHARLESTON, SC 2007 MAY 22 P 4: 13*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PRLA). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*) (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The petition *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." §

1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the pleading "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton* at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never

2

squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

The *pro se* plaintiff is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections. The plaintiff filed this petition for a writ of mandamus pursuant to 28 U.S.C. § 1651, requesting that this court "order court of Beaufort County to hear post conviction application 2103-CP-07-1734." Petition at 1.

The plaintiff's claims in this case are subject to summary dismissal under the "three strikes" rule of the Prison Litigation Reform Act. This rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Congress enacted the three-strikes rule to bar prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights

3

litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away."); *Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993); and *Mirabal v. GMAC*, 537 F.2d 871 (7th Cir. 1976).

This Court may take judicial notice that the plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court.[1] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records); *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). In light of the plaintiff's prior "strikes," he cannot proceed with the instant writ unless his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule. 28 U.S.C. § 1915(g); *see Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998); or he pays the full filing fee. The petition does not fit within this exception as the plaintiff does not allege any danger of

---

[1] The three cases subject to "strikes" under 28 U.S.C. § 1915(g) are: C/A Nos. 2:06-1602-SB-RSC; 2:06-1289-SB-RSC; and 2:06-1288-SB-RSC.

4

serious physical injury to himself.

## Recommendation

It is recommended that the petition be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g). *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F2d 201, 202-04 & n.* (4th Cir.1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

_____
Robert S. Carr
U.S. Magistrate Judge

May 22, 2007
Charleston, SC

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>    Larry W. Propes, Clerk
>    United States District Court
>    P. O. Box 835
>    Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).