IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CHARLESTON, SC
2007 JUN 27 A 9: 46

Tyrone Lorenzon Robinson, )
# 235104, )
 )
      Petitioner, )
 )   Civil Action No. 2:07-1329-SB
v. )
 )   **ORDER**
The State of South Carolina, )
 )
      Respondent. )
_____ )

This matter is before the Court upon the Petitioner's *pro se* "motion for writ of alternative mandamus § 343 to order court of Beaufort County to hear post-conviction application 2:03-cp-07-1734." The record contains a report and recommendation ("R&R") of a United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, Magistrate Judge Robert S. Carr recommends that the Petitioner's *pro se* complaint be dismissed under the "three strikes rule" of 28 U.S.C. § 1915(g). A party may object, in writing, to an R&R within ten days of being served with a copy of that report. On June 7, 2007, the Petitioner filed timely, written objections to the R&R.

## DISCUSSION



In his "motion for writ of alternative mandamus," filed on May 11, 2007, the Petitioner asserts that he filed a post-conviction application in September of 2003 in the Beaufort County Court of Common Pleas and that he never was taken before a judge to have a hearing on his application. The Petitioner asks the Court to vacate his sentence because the state of South Carolina is holding him illegally and unconstitutionally.

In the R&R, the Magistrate Judge recommends that the Court dismiss the Petitioner's claims under the "three strikes rule" of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(g), because the Petitioner has filed at least three cases dismissed and deemed a strike under § 1915(g).

However, in his objections to the R&R, the Petitioner correctly points out that one of the suits relied upon by the Magistrate Judge as dismissed and deemed a strike is not final, as the Petitioner filed a timley motion to reconsider the Court's Order, upon which the Court has not yet ruled.[1]  See Civil Action No. 2:06-1288.  Because the Court still has jurisdiction over Civil Action No. 2:06-1288, and its Order deeming the action a strike is not final, it appears that it would be improper to dismiss the present suit based on the "three strikes rule," as recommended by the Magistrate Judge.

Nevertheless, as the Magistrate Judge points out, the Petitioner's present "motion" is filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit.  Importantly, section 1915 also permits a district court to dismiss a case upon a finding that the action "fails to state a claim upon which relief may be granted" or is "frivolous or malicious."  28 U.S.C. § 1915 (e)(2)(B)(i) & (ii).

In the Petitioner's "motion for writ of alternative mandamus," he requests that the Court order the Beaufort County Court of Common Pleas to hear his post-conviction

---

[1] The Petitioner has filed six lawsuits (not counting the present suit), all arising out of the same set of facts.  See Civil Action Nos. 2:06-1602; 2:06-1492; 2:06-1288; 2:06-1289; 2:05-3198; 9:03-1366.  The only (final) actions to be dismissed and deemed a strike are the following two: Civil Action No. 2:06-1602 and Civil Action No. 2:06-1289.  As mentioned above, Civil Action No. 2:06-1288 is still before the Court on a motion to reconsider, and as such, this third strike is not final.

2

application, which he claims he filed in September of 2003. However, mandamus relief is available only when the petitioner has a clear right to the relief sought. See In re First Fed. Savings & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1987). Moreover, mandamus is a drastic remedy and should only be used in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of *its own* jurisdiction. 28 U.S.C. § 1361; Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). Additionally, a federal district court may issue a writ of mandamus only against an employee or official *of the United States*. See Moye v. DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5 th Cir. 1973) (stating that federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner).

Here, the Court finds that it is without jurisdiction to grant the mandamus relief sought by the Petitioner. Thus, the Petitioner's claims are not properly raised in this Court, and in the absence of federal jurisdiction, the Court finds the Petitioner's "motion" frivolous under 28 U.S.C. § 1915(e)(2)(B)(I). See Wise v. South Carolina Dept. Of Corrections, 2007 WL 1302703, *2-3 (D.S.C. May 2, 2007); Craigo v. Hey, 624 F.Supp. (S.D.W.Va. 1985). The Petitioner's relief in mandamus, if it is to come, must be sought in the highest court of South Carolina, not in this federal district court.

## CONCLUSION

Based on the foregoing, it is therefore

ORDERED that the R&R is affirmed in result only, and the Petitioner's "motion" is

3

dismissed as frivolous pursuant to 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

June **26**, 2007
Charleston, South Carolina